**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICHMOND MEDICAL CENTERFOR
WOMEN; WILLIAM G. FITZHUGH, M.D.;
HILLCREST CLINIC; HERBERT C. JONES,
JR., M.D.; PLANNED PARENTHOOD OF
METROPOLITAN WASHINGTON, DC,
INCORPORATED; VIRGINIA LEAGUE FOR
PLANNED PARENTHOOD; PLANNED
PARENTHOODOFTHE BLUE RIDGE,
Plaintiffs-Appellees,

v.

JAMES GILMORE, in his official capacity
as Governor of the State of Virginia;
DAVID M. HICKS, in his official
capacity as Commonwealth Attorney
for the City of Richmond; DONALD S.

CALDWELL, in his official capacity as
Commonwealth Attorney for the
County of Roanoke; HOWARD GWYNN,
in his official capacity as
Commonwealth Attorney for the city
of Newport News; CHARLES D.
GRIFFITH, JR., in his official capacity
as Commonwealth Attorney for the
City of Norfolk; ROBERT F. HORAN,
JR., in his official capacity as
Commonwealth Attorney for the
County of Fairfax; JAMES L. CAMBLOS,
III, in his official capacity as
Commonwealth Attorney for the
County of Albemarle,
Defendants-Appellants.

No. 98-1930

RICHMOND MEDICAL CENTERFOR
WOMEN; WILLIAM G. FITZHUGH, M.D.;
HILLCREST CLINIC; HERBERT C. JONES,
JR., M.D.; PLANNED PARENTHOOD OF
METROPOLITAN WASHINGTON, DC,
INCORPORATED; VIRGINIA LEAGUE FOR
PLANNED PARENTHOOD; PLANNED
PARENTHOODOFTHE BLUE RIDGE,
Plaintiffs-Appellees,

v.

JAMES GILMORE, in his official capacity
as Governor of the State of Virginia;
DAVID M. HICKS, in his official
capacity as Commonwealth Attorney
for the City of Richmond; DONALD S.

CALDWELL, in his official capacity as
Commonwealth Attorney for the
County of Roanoke; HOWARD GWYNN,
in his official capacity as
Commonwealth Attorney for the city
of Newport News; CHARLES D.
GRIFFITH, JR., in his official capacity
as Commonwealth Attorney for the
City of Norfolk; ROBERT F. HORAN,
JR., in his official capacity as
Commonwealth Attorney for the
County of Fairfax; JAMES L. CAMBLOS,
III, in his official capacity as
Commonwealth Attorney for the
County of Albemarle,
Defendants-Appellants.

No. 99-2000

2

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-98-309-3)

Submitted: August 9, 2000

Decided: August 9, 2000

Before WIDENER, MURNAGHAN, and LUTTIG, Circuit Judges.

_____

Affirmed by published per curiam opinion.

_____

**COUNSEL**

Mark L. Earley, Attorney General of Virginia, William H. Hurd,
Solicitor General, Daniel J. Poynor, Assistant Attorney General, Gar-
land L. Bigley, Assistant Attorney General, Rita R. Woltz, Assistant
Attorney General, Daniel P. Rodgers, Assistant Attorney General,
OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for
Appellants. Simon Heller, Bebe Jill Anderson, Bonnie Scott Jones,
CENTER FOR REPRODUCTIVE LAW AND POLICY, New York,
New York; Karen Ann Raschke, Richmond, Virginia; Janet Lynne
Crepps, CENTER FOR REPRODUCTIVE LAW, Simpsonville,
South Carolina, for Appellees.

_____

**OPINION**

PER CURIAM:

On July 16, 1999, the district court filed its opinion in this case,
and on the same day, by a separate document, the district court filed
its final order in this case, which is the judgment of the district court.[1]

_____
[1] The judgment of the district court is reproduced here in full as fol-
lows:

3

The Commonwealth appealed from this judgment. On appeal, we "re-view[ ] judgments, not statements in opinions." Black v. Cutter Lab., 351 U.S. 292, 297 (1956); Kendall v. City of Chesapeake, 174 F.3d 437, 444 n.4 (4th Cir. 1999). The judgment of a district court should

_____

For the reasons set forth in the accompanying Memorandum Opinion, the Court concludes, as a matter of law on the facts of the record, that Va. Code Ann. § 18.2-74.2 (the "Act") violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution because the Act imposes an undue burden on the right to obtain an abortion before fetal viability, because the Act does not contain an exception for post-viability abortion procedures that are necessary, in appropriate medical judgment, for the preservation of the life or health of the mother, and because the Act's vagueness renders it incapable of providing the kind of notice that will enable ordinary people to understand what conduct it prohibits. See Planned Parenthood v. Casey, 505 U.S. 833 (1992); Roe v. Wade, 410 U.S. 113 (1973). Accordingly, it is hereby ORDERED that:

(1) Judgment be, and hereby is, entered in favor of the Plaintiffs, Richmond Medical Center for Women, Hillcrest Clinic, Planned Parenthood of Metropolitan Washington D.C., Inc., Virginia League for Planned Parenthood, Planned Parenthood of the Blue Ridge, William G. Fitzhugh, M.D., and Herbert C. Jones, Jr., M.D., against Defendants, Jim Gilmore, David M. Hicks, Donald S. Caldwell, Howard Gwynn, Charles D. Griffith, Robert F. Horan, Jr., and James L. Camblos, III, in their official capacities;

(2) The Plaintiffs' request for declaratory relief be, and hereby is, GRANTED, and that the Act is declared unconstitutional on its face; and

(3) The Plaintiffs' request for permanent injunctive relief be, and hereby is, GRANTED, and that the Defendants, their employees, agents, and successors are hereby enjoined from enforcing the Act.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is so ORDERED.

4

be affirmed, if correct, although an appellate court may decide for different reasons. See SEC v. Chenery Corp., 318 U.S. 80, 88 (1943).

The judgment of the district court invalidated the statute in question, Va. Code. Ann. § 18.2-74.2, which in particulars relevant here is indistinguishable from the Nebraska statute at issue in Stenberg v. Carhart, 68 U.S.L.W. 4702 (2000). See Neb. Rev. Stat. Ann. § 28-328, -326(9). It invalidated the Virginia statute because the statute imposed an undue burden on the right to an abortion before fetal viability, but for reasons unstated in that judgment; and because the statute did not contain an exception for the health of the mother for a postviability abortion procedure. It also invalidated the Virginia statute because of vagueness. The Court in Carhart came to the same conclusion, as to postviability, because of the absence of a health exception it followed Planned Parenthood of Southeastern Pa. v. Casey, 505 U.S. 833, 879 (1992); and, as to previability, in the case at hand, also because there was no exception for the health of the mother. Carhart, 68 U.S.L.W. at 4706, 4708 ("Since the law requires a health exception in order to validate even a postviability abortion regulation, it at a minimum requires the same in respect to previability regulation."). The Court, in Carhart, did not decide any question of vagueness. Thus, among other things, the Supreme Court held in Carhart that the Nebraska statute was invalid because it did not contain a "health exception," although the statute covered both pre and post-viability, and the procedure in question in that case was "previability regulation." Carhart, 68 U.S.L.W. at 4706, 4708.

It follows that we affirm the judgment of the district court for the reasons we have here expressed. We express no opinion on vagueness or any other question not mentioned in this opinion.

The judgment of the district court is accordingly

AFFIRMED.**2**

_____

**2** All undecided pending motions are dismissed as moot except those with respect to attorneys' fees.