In the
United States Court of Appeals
For the Seventh Circuit

No. 98-1726

The Hope Clinic, et al.,

Plaintiffs-Appellees,

v.

James E. Ryan, Attorney General of Illinois,
and Richard K. Devine, State's Attorney of
Cook County, Illinois,

Defendants-Appellants.


Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 97 C 8702--Charles P. Kocoras, Judge.


Nos. 99-2528 & 99-2533

Dennis D. Christensen, et al.,

Plaintiffs-Appellants,

v.

James E. Doyle, Attorney General of Wisconsin,
and Diane M. Nicks, District Attorney for Dane
County, Wisconsin,

Defendants-Appellees.


Appeals from the United States District Court
for the Western District of Wisconsin.
No. 98-C-0305-S--John C. Shabaz, Chief Judge.


On Remand from the Supreme Court of the United States


Decided April 26, 2001


  Before Flaum, Chief Judge, and Posner, Coffey,
Easterbrook, Manion, Kanne, Rovner, Diane P. Wood, Evans, and
Williams, Circuit Judges./*

  Per Curiam.  After issuing its decision in
Stenberg v. Carhart, 530 U.S. 914, 120 S. Ct.

2597 (2000), the Supreme Court remanded these cases to us for reconsideration. See 120 S. Ct. 2738, 2739 (2000). In response both Illinois and Wisconsin have conceded that their partial-birth-abortion statutes are unconstitutional under the approach the Court adopted in Stenberg. We agree with this assessment of Stenberg's significance. Accord, Rhode Island Medical Society v. Whitehouse, 239 F.3d 104 (1st Cir. 2001); Planned Parenthood of Central New Jersey v. Farmer, 220 F.3d 127 (3d Cir. 2000); Richmond Medical Center for Women v. Gilmore, 224 F.3d 337 (4th Cir. 2000); Eubanks v. Stengel, 224 F.3d 576 (6th Cir. 2000).

The Supreme Court held "that [the Nebraska statute violates the Federal Constitution] for at least two independent reasons. First, the law lacks any exception "'for the preservation of the . . . health of the mother.'" [Planned Parenthood of Southeastern Pennsylvania v. Casey, 505 U.S. 833 (1992)] at 879 (joint opinion of O'Connor, Kennedy, and Souter, JJ.). Second, it 'imposes an undue burden on a woman's ability' to choose a D&E abortion, thereby unduly burdening the right to choose abortion itself. Id., at 874." 120 S. Ct. at 2609. Both of these grounds are equally applicable to the Illinois and Wisconsin statutes, the substantive portions of which do not differ in any material way from the Nebraska statute at issue in Stenberg. For the reasons given in Stenberg, therefore, plaintiffs are entitled to injunctions forbidding the defendants from enforcing those Illinois and Wisconsin statutes that criminalize the performance of partial-birth abortions.

The defendants in Hope Clinic have attempted to avert this decision by moving to dismiss their appeal under Fed. R. App. P. 42(b). But dismissal is available under this rule only on the parties' joint motion or, if the motion is solely the appellant's, on terms agreed by the parties. The motion to dismiss No. 98-1726 was neither joined by the plaintiffs nor accompanied by an agreement about the allocation of costs--and because this litigation has proceeded under 42 U.S.C. sec.1983, so that a prevailing party's costs presumptively include attorneys' fees, see 42 U.S.C. sec.1988(b), costs may be a substantial bone of contention. Given the lack of agreement among the parties, it is best to resolve the appeal on the merits and let the district court apply sec.1988 on plaintiffs' request for costs and fees.

One aspect of our original decision is not affected by Stenberg. We held, see 195 F.3d 857, 875-76, that plaintiffs are not entitled to challenge the state laws to the extent that these

laws authorize private suits for damages. All of the defendants are public officials who do not enforce the provisions authorizing private suits. We concluded, therefore, that "[t]here is no controversy between the parties to this case that can be resolved by a declaration concerning the civil-liability rules." Id. at 875. To put this point in other language, plaintiffs lack standing to contest the statutes authorizing private rights of action, not only because the defendants cannot cause the plaintiffs injury by enforcing the private-action statutes, but also because any potential dispute plaintiffs may have with future private plaintiffs could not be redressed by an injunction running only against public prosecutors. Both causation and redressability are essential to an Article III controversy. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). An injunction prohibiting these defendants from enforcing the private-suit rules would be pointless; an injunction prohibiting the world from filing private suits would be a flagrant violation of both Article III and the due process clause (for putative private plaintiffs are entitled to be notified and heard before courts adjudicate their entitlements). This follows directly from Muskrat v. United States, 219 U.S. 346 (1911), which held that Article III does not permit the federal judiciary to determine the constitutionality of a statute providing for private litigation, when the federal government (or its agents) are the only adverse parties to the suit.

At the time of our original opinion this issue was the subject of a conflict among the circuits. Summit Medical Associates, P.C. v. Pryor, 180 F.3d 1326 (11th Cir. 1999), had held that courts could not enjoin public officials from enforcing a statute creating damages remedies for abortions, when only private litigants could seek those damages. Okpalobi v. Foster, 190 F.3d 337 (5th Cir. 1999), had reached a contrary conclusion. We sided with Summit Medical Associates. The Supreme Court did not mention or resolve this conflict in Stenberg, which did not involve private actions for damages. Certiorari was denied in Summit Medical Associates, see 529 U.S. 1012 (2000), which implies that the Court does not perceive any conflict between that decision and Stenberg (and correspondingly implies that the remand does not reopen that question in our cases). What is more, since Stenberg the rift has been closed: the fifth circuit reheard Okpalobi and held that Article III does not permit relief against public officials who do not enforce the statute whose validity is contested. Okpalobi v. Foster, 2001 U.S. App. Lexis 3782 (5th Cir. Mar. 12, 2001) (en banc). For this circuit to change sides now would

be to create a new, post-Stenberg conflict, and without any warrant in the terms of the orders remanding these cases to us for reconsideration.

Although neither Illinois nor Wisconsin mentioned this Article III problem in the statements filed under Circuit Rule 54--indeed, although the states' public officials agreed to the entry of orders enjoining all challenged provisions of both statues--litigants may not waive the application of constitutional limits on federal courts' adjudicatory competence. Because the public officials named as defendants could not cause the plaintiffs any injury by enforcing the statutes' private-action provisions--for these are official-capacity suits, so the possibility that the defendants may bring suits as private citizens is not before us--the plaintiffs lack standing with respect to these provisions. That is of little moment after Stenberg, which knocks out the substantive rules that either public or private plaintiffs would seek to enforce. What is more, after Stenberg any private suit based on these state laws would lack a legal foundation, because Stenberg invalidated the definitional clauses on which both states' private-action laws depend. But application of the case-or-controversy requirement does not depend on a court's assessment of the merits. Insofar as they seek protection from suits that may be filed by parents and other relatives of their patients, therefore, plaintiffs must rely on the value of Stenberg and this decision as precedent, rather than on an injunction against state officers.

In Hope Clinic the judgment is affirmed to the extent it enjoins enforcement of 720 ILCS 513/10, the criminal prohibition of partial-birth abortions. To the extent the judgment concerns 720 ILCS 513/15, which authorizes private suits, it is vacated, and the case is remanded with instructions to dismiss that portion of plaintiffs' complaint for want of a case or controversy between the plaintiffs and the defendants.

In Christensen the judgment of the district court is vacated, and the case is remanded with instructions to enjoin the defendants from enforcing Wis. Stat. sec.940.16, Wisconsin's criminal prohibition of partial-birth abortions. The district court must dismiss the plaintiffs' complaint for want of standing to the extent it seeks relief against Wis. Stat. sec.895.038, the civil-liability companion to Wis. Stat. sec.940.16.

/* Circuit Judge Ripple did not participate in the consideration or decision of these cases.